*Philadelphia,*
*Saturday,*
March 31.

## Lessee of GARDINER *against* The Schuylkill Bridge Company.

If the sheriff, upon an *habere facias,* delivers to the plaintiff the proportion that he has recovered in ejectment, and after the return day of the writ the plaintiff ousts the defendant of the whole, the court will not restore the defendant in a summary way.
It seems otherwise if there is an actual ouster before the return day.

THE plaintiff in *December* 1808, obtained a verdict and judgment for one undivided sixth part of a lot, &c. in the possession of the defendants. On the 2d of *January* 1809, he took an *habere facias* returnable to *March,* which was executed on the 4th of *January;* and at *December* term 1809, the sheriff returned that he had delivered possession to the plaintiff of one undivided sixth part of the lot, &c. in the writ mentioned, as by the writ he was commanded.

As early as the 1st of *March* 1809, which was before the return day, the plaintiff agreed with two persons to lease them the *whole* of certain landings and wharves on the lot, for one year, informing them, that although the action was in the name of one, yet he understood from his counsel that the whole was recovered for the heirs of *Peter* and *Sarah*

1810.

Lessee
of
GARDINER
v.
SCHUYLKILL
BRIDGE
COMPANY.

*Gardiner;* and on the 6th of *April;* the lease was executed, reserving rent to the plaintiff, and stipulating that the premises should be delivered to him or his representatives at the end of the year.

On the 21st of *September* 1809, the attorney in fact of the defendants attempted to take possession of five sixths; but he was ordered to leave the ground by the plaintiff, who said he claimed and would hold possession of the lot in right of himself and the heirs of *Peter Gardiner;* and upon another attempt on the 2d of *October*, the attorney was kept off the premises by force.

Upon affidavit of these facts, a rule was obtained upon the plaintiff at the last term, to shew cause why the defendants should not be restored to five sixths of the premises in the ejectment; and on this day,

*Peters* and *Rawle* for the defendants, contended that the process of the court had been abused by the plaintiff, who had colourably used it to take possession of the whole. That he had always entertained the design of taking the whole, because he told his lessees that the whole had been recovered, and before the return day of the writ, contracted to lease them all the wharves and landings. That his claiming possession for other persons was a pretence, for by his lease he reserved the rent to himself, and stipulated for the re-delivery of possession to him or his representatives. That therefore the process of the court had been used to do a wrong to the defendants, by obtaining possession of the whole even before the return day, although no violence was used to keep possession until afterwards. To shew that under these circumstances, the court would do the defendants justice in a summary way, they cited *Roe* v. *Dawson* (a), *Collingham* v. *King* (b), *Connor* v. *West* (c), *Harris* v. *Fortune* (d), 2 *Eq. Abr.* 123. 1 *Hawk.* 210. *c.* 33. *sec.* 12, *Sir Th. Ray.* 275.

*Levy* and *Tilghman* shewed cause. The plaintiff recovered upon such facts, as gave all the other representatives of *Peter Gardiner* an equal right; and there is no evidence that

---

(a) 3 *Wils.* 49.          (c) 5 *Burr.* 2673.
(b) 1 *Burr.* 629.         (d) 1 *Binn.* 125.

1810.

Lessee
of
GARDINER
*v.*
SCHUYLKILL
BRIDGE
COMPANY.

the bridge company was in possession as against them. If he has taken and kept the whole, he has done it as their agent for five sixths, and they are the parties against whom the rule should be directed. If *A.* disseise *B.* for *C.*, it is the disseisin of *C.* But granting, that the plaintiff has done wrong, this is not the way to redress it. The writ was for one sixth, the possession of only one sixth was given, and so is the return. All the defendants' cases, are of abuse of process at the time of executing it, or of intention to abuse it at the time of taking it out. Here was neither one nor the other. Until long after the process was *functus officio*, possession of the five sixths was not withheld; so that if there has been any wrong, it has not been in abuse of process, and therefore the defendants cannot have a summary redress.

TILGHMAN C. J. If there had been an ouster before the return day of the writ, I should have been for restoring. I mean an ouster in fact; writings are immaterial. But if the plaintiff takes possession rightly under the writ, as he has done here, and after the return day he takes more, the remedy is not summary.

YEATES J. I am of the same opinion. I think there has been management and improper conduct, but the court cannot interfere in this way.

BRACKENRIDGE J. My opinion is that we must look to the conduct of the officer. If the writ has been properly executed, what the party does afterwards, we have nothing to do with in this way. If the officer gives orchard, and the party takes meadow, or commits fifty trespasses before the return, and after possession delivered, the person injured must resort to his action.

Rule discharged.